In December 2016, the United States Patent and Trademark Office ("USPTO") filed a disciplinary complaint against Respondent based on his referral arrangements with USPC. That complaint resulted in Respondent's consensual exclusion from practice before the USPTO without an admission of misconduct.
Violations: The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:
1.2(a): Failing to consult with a client about the objectives of representation.
1.2(c): Failing to obtain a client's informed consent to limit the scope of representation.
1.4(a)(1): Failing to promptly inform a client of any decision or circumstance with respect to which the client's informed consent is required.
1.4(a)(2): Failing to reasonably consult with a client about the means by which the client's objectives are to be accomplished.
1.4(b): Failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.
1.7: Representing a client when there is a concurrent conflict of interest without obtaining informed, written consent.
1.8(f): Improperly accepting compensation for representing a client from one other than the client.
5.1: Failing to make reasonable efforts to ensure that the conduct of another lawyer over whom the lawyer has direct supervisory authority conforms to Rules of Professional Conduct.
5.4(c): Permitting a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.
Discipline: The parties propose the appropriate discipline is a 30-day suspension with automatic reinstatement. This discipline is within the range imposed in other cases involving similar misconduct. See Matter of Wall, 73 N.E.3d 170 (Ind. 2017). The Court, having considered the submissions of the parties, now approves the agreed discipline.
For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of 30 days, effective immediately. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).
The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.
All Justices concur.